FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

2017 FEB 16  PM 12: 01

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

|  |  |
|---|---|
| **FLEXSTAKE, INC.,** | Case No.: |
| **Plaintiff,** | 2:17-CV-104-FtM-99Mem |
| **vs.** | **COMPLAINT AND JURY DEMAND** |
| **DBI SERVICES, LLC.,** | |
| **Defendant.** | |

Plaintiff, FLEXSTAKE, INC., sues defendant DBI SERVICES, LLC and alleges as follows:

1.      Plaintiff, FLEXSTAKE, INC. ("FLEXSTAKE") is a corporation organized under the laws of the State of Texas that has a principal place of business in Lee County, Florida. Since 1991, FLEXSTAKE has been a leading manufacturer of highway safety products including, but not limited to, high performance lane delineators.

2.      Defendant, DBI SERVICES, LLC ("DBI") is a limited liability company organized under the laws of the State of Delaware.  DBI is a company that provides highway operations and maintenance management worldwide.  DBI's principal place of business is located at 100 N. Conahan Drive Hazelton, Pennsylvania.

3.      This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 on the grounds that the within civil action is between citizens of different states and the amount in controversy exceeds $75,000.  In addition, jurisdiction arises under 28 U.S.C. §1331 on the grounds that it is a civil action that arises under the laws of the United States of America.

1

4.      Pursuant to Section 48.193, Florida Statutes, the United States District Court, Middle District of Florida has personal jurisdiction on the grounds that Defendant has operated, conducted, engaged in, or carried out a business venture in the State, has an office in the state, is registered to do business in the state, and has committed a tortious act within the state.

5.      Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the United States District Court, Middle District of Florida on the grounds that a substantial part of the events or omissions giving rise to the claim occurred within the jurisdictional boundaries of the Southern District of Florida.

6.      FLEXSTAKE manufacturers a series of high performance delineator products known as the Flexstake TM 750 Series Tubular Marker.   FLEXSTAKE has furnished its product for use in state-financed highway projects for many years.  Its high performance delineators are the product of many years of research and development, and compliance with the rigorous standards required for use in Florida Department of Transportation highway projects.  The design and appearance of the TM 750 delineator is distinct, and the high quality of the TM 750 delineator is well known within the highway marker industry.

7.      A component part of the TM 750 is a reflective sheeting material manufactured by a company known as Orafol.  Upon information and belief, the composition of the reflective sheeting is the subject of various patents and is the intellectual property of Orafol.

8.      On or about May 14, 2014, DBI entered into an agreement with the State of Florida, Department of Transportation to provide maintenance services relative to I-95 in South Florida (the "Maintenance Contract").  Upon information and belief, among its duties in its contract with FDOT, was to maintain the highway delineator posts, and replace as necessary. The total contract price is in excess of $60,000,000.

9.    At some point, DBI began producing counterfeit posts containing counterfeit sheeting and having them installed as replacements for the high performance delineators required under the Maintenance Contract.  The counterfeit posts were substantially inferior in performance, were unsafe, and were a misappropriation of FLEXSTAKE's and Orafol's intellectual property.  These counterfeit posts were falsely billed to the State of Florida under guise of being TM 750 posts when they were not.

10.    On September 27, 2016, the United States Marshals Service executed a writ of seizure at a DBI warehouse in Miami, Florida.  During the course of the execution of the writ, the Marshals discovered and seized counterfeit posts.

11.    Later, it was discovered that DBI purchased counterfeit posts from an entity known as SAFETY SYSTEMS BARRICADES ("SSB").  Upon information and belief, DBI provided to SSB with a sample genuine Flexstake 750 post, whereby SSB manufactured for DBI a low quality counterfeit post that appeared to be a Flexstake post to the casual eye.

12.    On or about August 2015, FDOT commissioned and sponsored a delineator test and study by an entity known as Texas A&M Transportation Institute ("TTI") for the purposes of developing a standard for evaluating a delineator's performance.  A number of delineators were tested by TTI, including, purportedly, the Flexstake 754TM (42 in.) and Flexstake 754TM (36 in.) with connection bolt.

13.    The study and testing resulted in a Technical Memorandum dated October 30, 2015 and a report entitled "Development of Delineator Material/Impact Testing Specific to Managed Lane Use for Optimization of Service Life" dated July 16, 2016.

3

14.     The samples used in the foregoing testing that purported to be Flexstake 754 TM were furnished by DBI.  The samples were in fact not what they were purported to be and in fact, were counterfeit posts.

15.     As a result of the TTI testing and analysis, the State of Florida disqualified the Flexstake 754 TM for use on Florida highway projects, which has cost Flexstake millions of dollars of revenues.

16.     In addition, competitors have used the flawed TTI analysis in their marketing materials, disparaging Plaintiff's product to the highway marking industry, potential customers and the public.

17.     Furthermore, the sale and installation of the counterfeit post has created confusion in the minds of consumers as to the manufacturer of the posts, and has caused dilution in the Flexstake brand and reputation.

18.     All conditions precedent to the filing of the within action have been met or have been waived.

19.     Plaintiff has engaged the undersigned law firm to represent it in this action and has agreed to pay its reasonable attorneys fees and costs.

### COUNT I – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

20.     Plaintiff repeats and realleges paragraphs 1 through 19 of this complaint as if set forth fully herein.

21.     Pursuant to Section 501.204, Florida Statutes, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

22.    Defendants engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts in the conduct of trade or commerce by manufacturing and placing into the stream of commerce, a knock-off product designed to deceive the State of Florida and other consumers into believing that the knock-off is a genuine Flexstake TM 750 series delineator.

23.    As a result of Defendants' unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts in the conduct of trade or commerce, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment in its favor on Count I of the complaint, an award of attorneys fees and costs pursuant to Section 501.212, Florida Statutes, and such other relief as the court deems just and appropriate.

## COUNT II – COMMON LAW UNFAIR COMPETITION

24.    Plaintiff repeats and realleges paragraphs 1 through 19 of the complaint as if set forth fully herein.

25.    Defendants engaged in deceptive or fraudulent conduct by copying the design and configuration of the Flexstake 750 series delineator and passing it off to the State of Florida as a genuine Flexstake delineator.

26.    As a result of the deceptive and/or fraudulent conduct of Defendants, it is likely that consumers of the Flexstake 750 Series delineator would be confused.

27.    Plaintiff has suffered damages as a result of Defendant's deceptive and/or fraudulent conduct.

WHEREFORE, Plaintiff demands judgment on Count II in an amount to be determined at trial, court costs, and such other relief as the court deems just and appropriate.

5

## COUNT III – VIOLATION OF LANHAM ACT

28.     Plaintiff repeats and realleges paragraphs 1 through 19 of the complaint as if set forth fully herein.

29.     Pursuant to 15 U.S.C. §1125, any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

> **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

30.     Defendant violated 15 U.S.C. §1125 by manufacturing an inferior knockoff of the Flexstake 750 series and representing to the State of Florida that they were a genuine Flexstake highway marker and/or passing off the inferior knockoffs as genuine Flexstake highway markers.

31.     As a result of Defendant's violation of 15 U.S.C. §1125, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that the court enter judgment in Plaintiff's favor, an award of damages in an amount to be determined at trial, attorneys fees and costs, and such other relief the court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

By: _/s/ Christopher DeCosta_____
**CHRISTOPHER J. DECOSTA, ESQ.**
**FLORIDA BAR NUMBER 271410**
HOLTZ MAHSHIE DECOSTA, P.A.
1560 Matthew Drive, Suite E
Fort Myers FL 33907
Telephone: (239) 931-7566
Facsimile: (239) 931-7560
Primary Email: chris@hmdlegal.com
                        eservice@hmdlegal.com
Secondary Email:  Jamie@hmdlegal.com
                        Lynn@hmdlegal.com

## CERTIFICATE OF SERVICE

I, CHRISTOPHER J. DECOSTA, HEREBY CERTIFY that on this 14th day of February,

2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF

system which will send a notice of electronic filing to all counsel of record.

By: _/s/ Christopher DeCosta_____

7