United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Flexstake, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-20858-Civ-Scola |
| | ) |
| DBI Services, LLC, Defendant. | ) |

## Order Denying Plaintiff's Motion to Supplement Summary Judgment Record

Before the Court is a motion to supplement the summary judgment record based on newly discovered evidence filed by Plaintiff Flexstake, Inc. ("Flexstake"). (the "Motion," ECF No. 142.) Defendant DBI Services, LLC ("DBI") opposes the Motion. (ECF No. 148.) Having considered the parties' submissions, including the proposed supplemental evidence, and the applicable law, the Court **denies** the Motion for the reasons that follow.

A core issue presented in this case is whether certain posts sent by DBI to Texas A&M Transportation Institute ("TTI") were manufactured by Flexstake or a different party. DBI moves for summary judgment arguing no dispute of material fact exists that the posts DBI sent to TTI were genuine Flexstake posts and that it is entitlement judgment on all claims asserted against it as a matter of law. (ECF No. 104 at pp. 5-8.) Flexstake responded to that motion on August 3, 2018, submitting substantial additional evidence which it claims creates a dispute of fact as to that issue. (ECF Nos. 105, 107.)

Flexstake seeks to supplement the summary judgment record with two exhibits attached to the Motion: (1) the declaration of Chris Gaudette ("Gaudette Declaration"), an employee of non-party ORAFOL Americas, Inc. ("ORAFOL"), who, in relevant part, provides wall thickness measurements of some (but not all) posts allegedly tested by TTI, (ECF No. 142-1 at ¶¶ 2, 9); and (2) the declaration of Robert Hughes, Jr. ("Hughes Declaration"), Flexstake's president, who states in relevant part that Flexstake posts are designed and manufactured to be thicker than those measured by ORAFOL and thus those sent to TTI "could not be Flexstake" posts, and that Flexstake has concluded based on its internal research and development that posts of the thickness measured by ORAFOL "result in failure after only a few impacts" and "cause the top section to bend over the patented hinge and insert," (ECF No. 142-2 at ¶¶ 4, 6, 7.) ORAFOL performed the measurements of these posts at Flexstake's request on October 26, 2018. (ECF No. 142-1 at ¶ 9.)

"Generally speaking, a Court should only grant a motion to supplement a summary judgment record where such evidence was not available prior to the motion's filing." *Selectica, Inc. v. Novatus, Inc.*, No. 6:13-cv-1708-Orl-40TBS, 2015 WL 12843841, at *2 (M.D. Fla. Sept. 30, 2015); *Kerruish v. Essex Holdings, Inc.*, No. 16-cv-60877, 2018 WL 5629924, at *4 n.8 (S.D. Fla. Mar. 23, 2018) (Williams, J.). Further, a "declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The Court denies the Motion for two principal reasons. First, Flexstake does not establish that this information was "newly discovered" or otherwise previously unavailable. Fact discovery closed in this case on June 18, 2018. (ECF No. 90.) Flexstake did not seek this supplemental evidence until October 26, 2018—over four months after the close of discovery, two months after completion of briefing on the motion for summary judgment, and one month before the trial setting in this case. Flexstake had every opportunity to seek this information from ORAFOL during the discovery phase of this case and the Motion, filed on the eve of trial, does not otherwise establish that Flexstake pursued this information with reasonable diligence. Moreover, due to the timing of the Motion, the Court finds that considering the supplemental evidence would also unduly prejudice DBI by depriving it of an opportunity to examine the subject posts and contest the technical findings in the declarations.

Second, the relevant portions of the declarations are not admissible summary judgment evidence in any event. The thrust of the Gaudette Declaration is that the thickness of certain posts in ORAFOL's possession range from 0.045 to 0.049 inches. That is a difference of 0.006 to 0.01 inches from the alleged thickness of Flexstake's posts. Considering the high degree of precision required to make such measurements, and the materiality of that precision to the relevance of evidence, the Court finds that Gaudette's declaration is "based on scientific, technical, or other specialized knowledge" and not a proper subject of lay witness testimony. *See* Fed. Rs. Evid. 701(c), 702; *see also A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, 2018 WL 5891494, **2-5 (S.D. Fla. Nov. 9, 2018) (Torres, Mag. J.) (citing *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) ("[T]he expert disclosure rule is intended to provide opposing parties 'reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'")).

Further, the relevant portions of the Hughes Declaration are also expert opinion. (*See* ECF No. 142-2 at ¶ 4 ("Based on the testing we have conducted

over the years as part of a research and development, we have concluded that a wall thickness of less than .055 inches causes the top section to bend over the patented hinge and insert after only a few impact on which the top section is attached."), ¶ 6 ("Using a Westward Digital Caliper, I measured the wall thickness of each of the top sections [of the stakes]. Each of the top sections were in the 0.045-0.048 range. As such, they could not be Flexstake 753.5 top sections."), ¶ 7 ("The difference between a top section with a 0.045 wall thickness and a 0.055 is significant, and represents an approximately 20% increase in materials.").)

There is no indication in the record that Flexstake disclosed Gaudette or Hughes as experts or otherwise complied with the requirements of Fed. R. Civ. P. 26(a)(2). Nor has Flexstake satisfied the requirements of Federal Rule of Evidence 702. As a result, the proposed supplemental evidence fails Federal Rule of Civil Procedure 56(c)(4) and thus is inadmissible at this stage in any event.

In sum, the motion to supplement the summary judgment record based on newly discovered evidence (ECF No. 142) is **denied**.

**Done and ordered**, in chambers at Miami, Florida, on November 28 2018.

_____
Robert N. Scola, Jr.
United States District Judge